NICK PAULUS v. HARRY ROSENFIELD AND ANOTHER.[1]

September 25, 1925.

No. 24,752.

**Decedent's contributory negligence for jury.**
    1. The evidence made the question of contributory negligence on the part of the deceased a question for the jury.

**Construction of charge.**
    2. The charge cannot fairly be construed as stating that the failure of the driver of the truck to sound his horn when making a turn at the street intersection constituted negligence.

    1. See Motor Vehicles, 28 Cyc. p. 49.
    2. See Motor Vehicles, 28 Cyc. p. 49.

Action in the district court for Hennepin county to recover for the death of plaintiff's intestate. The case was tried before Dick-

[1]Reported in 205 N. W. 245.

inson, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Willard Converse* and *Charles Converse*, for appellants.

*Elliott, Doll & Coursolle*, for respondent.

TAYLOR, C.

On October 19, 1923, as Raymond P. Paulus, a 17-year-old messenger boy, was proceeding on a bicycle along the northwesterly side of the street known as Harmon Place in the city of Minneapolis, defendant's delivery truck, which was proceeding in the opposite direction along the southeasterly side of the street, made a left turn from that street into Maple street. The bicycle and the truck collided, and the boy was thrown upon the pavement and received injuries from which he died a few hours later. Plaintiff, the father of the boy, brought this action as administrator of his estate and recovered a verdict. Defendants appeal from an order denying their alternative motion for judgment non obstante or for a new trial.

Defendants contend: (1) That the boy was guilty of contributory negligence as a matter of law; (2) that the court erred in its instructions to the jury.

1. The burden of establishing contributory negligence rested upon the defendants. The court submitted that issue to the jury, who decided it against the defendants. Only three witnesses testified concerning the accident. Two men who were upon the sidewalk near the junction of the two streets, and who were apparently strangers to both parties, testified in behalf of the plaintiff; the driver of the truck testified in behalf of defendants.

The driver states that on approaching the intersection he slowed down to 6 or 7 miles per hour to make a left turn; that he made the turn at about the center of Maple street; that when 30 or 40 feet from the intersection he saw the boy 60 or 70 feet beyond the intersection coming toward it, but did not see the boy after starting to turn until he heard the crash. One of plaintiff's witnesses, who

was proceeding along the sidewalk in the same direction as the truck and who saw both the truck and the boy as they approached the intersection, states:

"The truck came down Harmon the way we were coming. The boy was coming the other way. The boy was over two-thirds of the way across Maple when this truck made a short left-hand turn close to the left-hand curb. Instead of going out around to the right, he cut in ahead of the boy and struck him and the boy fell on the right-hand side of truck on the street. * * * Well instead of him going to the * * * right side where he should have went, he went in ahead of the boy, between the boy and the curb. Struck the boy on the left hand side. He wasn't three feet away from the curb when he struck the boy and knocked the boy into the center of the street. We picked him up and took him to the sanitarium."

The conceded fact that the boy did not fall under the truck but away from and on the right-hand side of it, and that he was lying in the center of Maple street when picked up corroborates this witness as to the manner of the turn and the place of the collision.

The other witness for plaintiff was pasting a "sticker" on the windshield of an automobile parked at the side of the street. He heard the crash, looked up, and saw the boy and the truck. He estimated the speed of the truck at that time at 30 miles per hour. No one saw the boy at the moment of the collision, or his movements immediately preceding it. He apparently came in contact with the truck near the right rear wheel; whether he had turned toward the rear of the truck in an attempt to avoid the collision no one knows. The facts shown will not warrant the conclusion that he was guilty of contributory negligence as a matter of law. The question was for the jury. See sections 7033 and 7034, Dun. Dig. and Supps. and the cases cited therein.

2. The driver of the truck stated that when 30 or 40 feet from the intersection he extended his arm to indicate that he intended to make a left turn, but did not sound his horn when approaching the intersection or making the turn. Defendants insist that the court in its charge used language which implied that it was the duty of

the driver to give warning of his approach by sounding the horn. We think that the charge cannot fairly be so construed; and that the jury must have understood from it that in order to find the driver negligent in failing to give further warnings they must find that the circumstances were such that ordinary care required the giving of such warnings.

We find no ground for a reversal and the order is affirmed.